UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUNO ETCHEPARE,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>               Defendant. | Case No. C14-1504 RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Based on the parties' stipulated motion to reverse and remand, Dkt. 31, the Court recommends this case be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings, which include the following:

- The Administrative Law Judge ("ALJ") will conduct a new hearing, further develop the record, and issue a new decision;

- The ALJ will reassess plaintiff's medically determinable impairments;

- The ALJ will reevaluate the medical evidence of record, including but not limited to the opinion from psychologist Melanie Mitchell, Ph.D.;

- The ALJ will further evaluate the credibility of plaintiff's allegations and reassess the lay witness statements;

REPORT AND RECOMMENDATION - 1

- The ALJ will reevaluate plaintiff's maximum residual functional capacity; and
- The ALJ will continue the sequential evaluation process, including obtaining vocational expert testimony as needed.

The parties stipulate that plaintiff is entitled to reasonable attorney fees and costs upon proper request to this Court. Plaintiff's attorney shall confer in good faith with the Commissioner's attorney before filing any application for attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 or 42 U.S.C. § 406(b). If the Commissioner has no objection, or if the parties have resolved all disputed issues, the plaintiff's attorney shall file the fee application as unopposed. In all other cases, the plaintiff's attorney shall file the fee application as opposed and certify that that the plaintiff has in good faith conferred or attempted to confer with the Commissioner's attorney in an effort to resolve the dispute without court action. If a contested fee application fails to include such a certification, the Court may deny the application without addressing its merits. If the Court finds that counsel for any party willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action under LCR 11.

Because the parties have stipulated that the case be remanded as set forth above, the Court recommends that United States District Judge Richard A. Jones immediately approve this Report and Recommendation. The Clerk should note the matter for July 14, 2015, as ready for Judge Jones's consideration. A proposed order accompanies this Report and Recommendation.

DATED this 14th day of July, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2